UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sulyaman Al Islam Wa Salaam, a.k.a. Alexander Bell | ) ) | C/A No.: 9:08-cv-2908-GRA-BM |
| Plaintiff, | ) ) | **ORDER** (Written Opinion) |
| v. | ) ) | |
| Cynthia Taylor, Department of Social Services; Sheriff Leon Lott, Richland County Sheriff Department; Yasmin Nyishama Wa Salaam | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on September 24, 2008, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.  Liberally construed, Plaintiff alleges that the defendants violated his constitutional rights by changing venue in a case filed in state court, that the social services department and the Richland County Sheriff's department violated his and his children's constitutional rights by not responding to complaints, and that his ex-wife violated his constitutional rights by foreclosing on his property and disposing of some personal property.  The magistrate recommends dismissing the action without prejudice and without issuance and service of process.  For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

## **Standard of Review**

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED.

R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on September 30, 2008.

## Objections

Overall, Plaintiff's Objections merely reargue and restate the issues that were set forth in his complaint. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. The majority of the objections lack specificity to trigger *de novo* review and will not be addressed; however, this Court will address the plaintiff's objection that alleges that diversity jurisdiction exists.

The magistrate concluded that Plaintiff's complaint should be dismissed for lack of jurisdiction. The magistrate is correct in his recommendation. The plaintiff argues that there is diversity jurisdiction according to 28 U.S.C. §1332. He says that the amount in controversy is met because house foreclosed on was sixty eight thousand dollars and his antiques were over seventy five thousand dollars. He also argues that

his ex-wife went across states lines more than once with children. However, despite these arguments, diversity of citizenship does not exist according to the statute.

Under 28 U.S.C. § 1332, district courts have concurrent jurisdiction in suits between citizens of different states when the amount in controversy exceeds $75,000. Citizenship must be specially pleaded; the plaintiff must allege in the jurisdictional statement that the plaintiff is from a different state than all defendants. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). This has not been accomplished. According to his complaint, the plaintiff states that his wife is a citizen of South Carolina. She resides at 5412 Holmes Avenue. (Complaint at 2). In the Objection to Report and Recommendation, the plaintiff states that this address is in Columbia, South Carolina. (Objections 1). The plaintiff resides at 7901 Farrow Road in Columbia, South Carolina. (Complaint 2). The plaintiff argues that since his ex-wife also had a residence in Laurinburg, North Carolina, that diversity is met. (Objections 2). Diversity is determined by an individual's domicile. Domicile is determined by actual residence and intent to remain. *Morris v. Gilmer*, 129 U.S. 315 (1889). The plaintiff does not indicate that the defendant has intent to remain in North Carolina. The plaintiff did not plead diversity as he alleged his ex-wife lived in South Carolina in his complaint. There is no diversity of citizenship in this case and this Court is without jurisdiction.

The plaintiff cites various other statutes to allege that this Court has jurisdiction. However, he cites statutes that would invoke original jurisdiction in the United States

Supreme Court. The statutes cited do not invoke the limited jurisdiction of the federal district court. This Court does not have subject matter jurisdiction over this case. The plaintiff has not met his burden of establishing jurisdiction according to *McNutt v. General Motors Acceptance Corporation*. 298 U.S. 178, 182-83 (1936). Accordingly, this Court is without jurisdiction to hear this case and must therefore dismiss this case.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that Plaintiff's complaint be DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                        G. Ross Anderson, Jr.
                                        United States District Judge

October  20 , 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.